**Affirmed and Memorandum Opinion filed October 23, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00612-CR

**JOHNNY MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1454811**

## M E M O R A N D U M   O P I N I O N

Appellant pleaded guilty to sexual assault. Punishment was tried to the court without an agreed recommendation, and the court sentenced appellant to five years' imprisonment. In a single issue, appellant contends that his trial counsel "was ineffective in that he provided deficient mitigation evidence for the court to consider at punishment as to whether granting Appellant deferred adjudication probation would be in the best interest of the victim as required by Art. 42A.101(a) of the Texas Rules of Criminal Procedure." We overrule his issue because appellant has

not shown whether any additional mitigating evidence was available. Thus, we affirm.

To prevail on a claim of ineffective assistance, an appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient by falling below an objective standard of reasonableness and (2) counsel's deficiency caused the appellant prejudice such that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). In assessing whether trial counsel's failure to investigate and present mitigating evidence during punishment proceedings caused prejudice to an appellant, "we reweigh the evidence in aggravation against the totality of available mitigating evidence." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003). We ask whether there is a reasonable probability that, absent the deficient performance, the sentencer would have assessed a more lenient punishment. *See Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018).

But, an appellant cannot establish ineffective assistance based on a failure to present mitigating evidence when the appellant has not shown that additional mitigating evidence was available. *See Bone v. State*, 77 S.W.3d 828, 834–35 (Tex. Crim. App. 2002) (holding that the appellant failed to establish prejudice based on trial counsel's failure to produce more mitigating evidence when the record did not show that other mitigating evidence existed); *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) ("[S]ince appellant does not explain what mitigating evidence his trial counsel should have proffered, we cannot possibly find that a failure to proffer such evidence constituted ineffective assistance."); *see also Martinez v. State*, 449 S.W.3d 193, 209–10 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (overruling ineffective assistance claim based on failure to present

mitigating evidence at punishment because the appellant "presented no specific indication of the evidence that he claims should have been introduced by his trial counsel, nor is there any indication that such evidence actually exists").

Appellant does not identify any evidence that counsel failed to present to the trial court concerning whether granting appellant deferred adjudication probation would be in the best interest of the victim. We cannot speculate about whether any such evidence existed, whether it would have been favorable to appellant, or whether appellant's trial counsel intentionally declined to question the witnesses further because additional testimony might not have been beneficial. *See Bone*, 77 S.W.3d at 834 n.21. "Speculation about what other evidence might or might not have been available is precisely why ineffective assistance of counsel claims should rarely be brought on direct appeal." *Id.*

Because appellant does not identify what mitigating evidence his trial counsel should have proffered, we cannot possibly find that a failure to proffer such evidence constituted ineffective assistance. *See Narvaiz*, 840 S.W.2d at 434.

Appellant suggests in his brief that trial counsel failed to advise appellant that a trial court may only place a defendant on deferred adjudication probation if the court finds that deferred adjudication probation is in the best interest of the victim. Appellant contends that if he had been properly advised, he would have proceeded to a jury trial, where the finding would not have been required. However, this allegation of ineffectiveness must be overruled because nothing in the record supports appellant's contentions that trial counsel failed to advise appellant or that appellant would have proceeded otherwise. *See, e.g.*, *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) ("To overcome the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in

3

the record, and the record must affirmatively demonstrate the alleged ineffectiveness." (quotation omitted)).

Appellant's sole issue is overruled. The trial court's judgment is affirmed.

/s/ Ken Wise
   Justice

Panel consists of Justices Jamison, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).